FILED

UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA ORLANDO DIVISION

2014 APR 18  PM 2: 28

VELVA PETERSON

    Plaintiff,

v.

Case# 6:14-cv-614-ORL-28TBS

COMENITY CAPITAL BANK

    Defendant

## COMPLAINT

Plaintiff, VELVA PETERSON, individually, hereby sues Defendant, COMENITY CAPITAL BANK, for violations of the Fair Debt Collection Practices Act (FDCPA) 15U.S.C.§ 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant Comenity Capital Bank ( "Defendant") for continued violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. §1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI) and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC §

1

227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt after being told that Plaintiff did not owe, own or have anything to do with any debt to Defendant .

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $5,000.00.

## PARTIES

7. Plaintiff, Velva Peterson, ( "Plaintiff") is a natural person and is a resident of the State of Florida.

8. Upon information and belief COMENITY CAPITAL BANK is a foreign corporation

incorporated in the State of Delaware and which is not authorized to do business in Florida or registered with the Florida State Office of Financial Regulation as a debt collector.

## FACTUAL ALLEGATIONS

9. On January 4, 2013 at 6:00 pm the Defendant called the Plaintiffs cell phone without permission and with the knowledge that the number was assigned to a cell phone and using an auto dialer.

10. Between January 4, 2013 and September 8, 2013 the Defendant has called the Plaintiff no less than 25 additional times without permission after being told that this was a cell phone and told to not call the Plaintiff. ( See Exhibit A attached hereto and incorporated herein for all purposes )

11. Each one of these 26 calls have been made using an automated dialing system.

12. On or about January 11, 2013, the Defendant mailed the Plaintiff a demand letter communication regarding demand for payment while knowing the account is not owned, owed or due by Plaintiff to Defendant. (See Exhibit B)

13. Plaintiff has never received any notice or an assignment of any debt to the Defendant.

14. The communications alleged in paragraphs 9, 10, 11 and 12 are all related to the collection of an alleged consumer debt by the Defendant.

15. The acts alleged herein primarily took place in Orange County in that the communications were received there.

16. Plaintiff has never given Defendant permission to call Plaintiff's cell phone.

17. Plaintiff has never had any contractual obligation or business relationship with Defendant whatsoever.

18. Plaintiff's cell number that the Defendant made all calls to listed in Exhibit A was at all times relevant hereto and is still registered on the Federal Do-Not-Call official list of telephone numbers not to call.

## COUNT ONE
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
## (FDCPA), 15 U.S.C. §1692

19. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 18.

20. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

21. The alleged debt in question that the Defendant alleges Plaintiff owes and which is the subject of the calls and mailings to the Plaintiff by Defendant, was a debt for personal, family or house hold purposes according to Defendant.

22. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts of behalf of others.

23. The making of the cell phone calls from January 2013 through September 2013 are 27 separate and distinct violations of 15 U.S.C. Section 1692c(a)(2).

24. The sending of the January 11, 2013 demand letter without prior notice of assignment and when Plaintiff does not owe any sum to Defendant is a violation of 15 U.S.C. Section 1692c(a)(2).

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C §1692.

### COUNT TWO
### VIOLATION OF FLORIDA CONSUMER COLLECTION
### PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 22 above.

26. Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

27. The debt that Defendant alleges was due was for personal, family or house hold purposes.

28. Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts of behalf of others.

29. The sending of the January 11, 2013 statement demanding payment and the 26 telephone calls demanding payment are each separate and distinct violations of FLA. STAT. §559.72 (18) which states in part;

    "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication."

29. The sending of the statement directly to Plaintiff and the repeated telephone demand calls to Plaintiff's cell while fully aware that the Plaintiff does not owe this debt to the Defendant, constitute 27 separate, distinct and temporaly separated violations of FLA. STAT. §559.72 (18).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for actual or statutory civil damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2)

## COUNTS THREE TO TWENTY-SIX
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii)

30. Plaintiff alleges and incorporates paragraphs 1 through 24 above.

31. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

32. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service when Defendant knew and was told that this phone was a cell phone contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> " (1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;"

and at (b)(3)(A)

> "Private right of action.
> A person may…bring in an appropriate court of that State-
>
> (A) An action based on a violation of this subsection … to enjoin such violation."

33. Plaintiff has no prior established relationship with the Defendant.

34. Plaintiff has never given Defendant either express or implied consent to call the Plaintiff's cell phone.

35. Plaintiff contends that the calls between January 2013 through September, 2013 constitute twenty-six (26) separate and distinct violations of the TCPA.

36. In that this Defendant has repeatedly committed the same type of violations against Plaintiff and are the same behavior and are intentional, blatant and gross violations of Plaintiff's rights and the protections intended by the TCPA, the Plaintiff requests an award of punitive damages against this Defendant to punish it for these violations and to cause it to be deterred from continuing to blatantly violate the TCPA.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for actual damages, statutory civil damages and punitive damages as well as attorney's fees, and costs pursuant to 47 U.S.C. §227.

### COUNTS TWENTY-SEVEN TO FIFTY-THREE
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT 47 U.S.C. §227(c)(1)(5)

37. Plaintiff alleges and incorporates paragraphs 1 through 24 above.

38. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5) and the Rules and Regulations promulgated pursuant to 47 U.S. C. §227(c)(1) for Do-not-call lists.by using an automatic telephone dialing system to call Plaintiff's cell phone.

39. At all relevant times the Plaintiffs telephone number that the Defendant kept calling was listed on the Federal do-no-call list.

40. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(1) and(5) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service and listed on the do-not-call list when Defendant knew and was told that this phone was a cell phone contrary 47 U.S.C. §227(c)(1) and (5)

41. Plaintiff has no prior established relationship with the Defendant.

42. Plaintiff has never given Defendant either express or implied consent to call the Plaintiff's cell phone.

43. Plaintiff contends that the calls between January 2013 through September, 2013 constitute twenty-six (26) separate and distinct violations of the TCPA.

44. In that this Defendant has repeatedly committed the same type of violations against Plaintiff and are the same behavior and are intentional, blatant and gross violations of Plaintiff's rights and the protections intended by the TCPA, the Plaintiff requests an award of punitive damages against this Defendant to punish it for these violations and to cause it to be deterred from continuing to blatantly violate the TCPA.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for actual damages, statutory civil damages and punitive damages as well as attorney's fees, and costs pursuant to 47 U.S.C. §227.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

/s/ J. Marshall Gilmore
J. Marshall Gilmore,
FB# 840180
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL  32789
Phone (407) 937-8675/ (321) 591-9922
Fax (407) 599-3801
mgilmore@mgilmorelaw.com
