UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VELVA PETERSON,

    Plaintiff,

v.                                                           Case No:   6:14-cv-614-Orl-28TBS

COMENITY CAPITAL BANK,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff Velva Peterson's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).  Federal courts may allow an individual to proceed *in forma paperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor."  28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6).  Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).  Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the

plaintiff's complaint.  La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to "show[ ]" that he is entitled to relief, a mere "blanket assertion[ ] of entitlement to relief" will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n.3 (2007).  To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  Legal conclusions devoid of any factual support are not entitled to an assumption of truth.  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

Plaintiff is represented by a lawyer.  (Doc. 1 at 9).  Her complaint alleges that Defendant Comenity Capital Bank used an automated dialing system to call her cellular telephone no less than 26 times in an attempt to collect a consumer debt.  (Id. at ¶¶ 9-11).  Plaintiff also alleges receipt of a demand letter from Defendant.  (Doc. 1-1).  Plaintiff denies owing any debt to Defendant and she denies having been given notice of the assignment of her debt to Defendant.  (Doc. 1 at ¶¶ 24).  Plaintiff has filed a 53 Count complaint against Defendant.  (Doc. 1).  For the reasons that follow, I find that

Plaintiff has failed to state a cause of action against Defendant and that her complaint is a shotgun pleading

Count I of Plaintiff's complaint is an action for violation of 15 U.S.C. § 1692c(a)(2) titled "Communication in connection with debt collection."   The statute provides that absent prior consent given by the consumer, or the express permission of a court of competent jurisdiction, a debt collector may not communicate directly with a consumer for the purpose of collecting a debt:

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from a debt collector or unless the attorney consents to direct communication with the consumer; or

Count I fails to state a claim for which relief can be granted because it does not aver that when Defendant placed the telephone calls and sent the demand letter, it knew Plaintiff was represented by a lawyer.

Count II is an action for violation of the Florida Consumer Collection Practices Act, FLA. STAT. § 559.72(18) which provides that in connection with the collection of a consumer debt, no debt collection shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Like Count I, Count II fails to allege that Defendant knew Plaintiff was represented by a lawyer when if phoned and wrote to her.

Counts 3-53 epitomize a shotgun pleading. Exhibit "A" to Plaintiff's complaint is a list of 26 telephone calls allegedly made by Defendant to her cellular telephone. (Doc. 1-1). This list is incorporated into the complaint "for all purposes." (Doc. 1 at ¶ 10). This averment is incorporated into every count of Plaintiff's complaint. Consequently, while it appears that Plaintiff intended for Counts 2-53 to refer to separate telephone calls, in fact, all calls are included in each Count. (Id. at ¶ 30). The practice of shotgun pleading has been soundly rejected by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co., Consol., 516 F.3d 955, 979-80 (11th Cir. 2008). Accordingly, all of these Counts should be dismissed.

Counts 27-53 purport to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(c)(1) and (5). Section 227(c)(1) directs the Federal Communications Commission to engage in rulemaking concerning the need to protect residential telephone subscribers' privacy rights. This section does not create a cause of action on behalf of a consumer against a debt collector. Section 5 of the statute creates a private right of action for persons who have "received more than one telephone call within a 12--month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection …" Thus, § 227(c)(5) provides a remedy; not an independent cause of action.

Accordingly, I **respectfully recommend** the Court (1) **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2); (2) **DISMISS** her complaint (Doc. 1) without prejudice; and (3) **GRANT** Plaintiff 21 days leave to amend her complaint to cure the deficiencies noted here.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and

recommendations.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on April 21, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record